## Richmond

Barbara V. Healy v. Commonwealth of Virginia.

October 9, 1972.

Record No. 8019.

Present, All the Justices.

*William T. Stone; James T. Wood*, for plaintiff in eror.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

Barbara V. Healy, the defendant, was convicted by a jury in the trial court of misuse or misappropriation of public funds in violation of Code § 18.1-110.[1] She was sentenced by the trial court in accordance with the jury's verdict. We granted a writ of error.

That the defendant, who was a public officer, knowingly misused or misappropriated the sum of three hundred dollars is not an issue. The sole question here is whether the funds she misappropriated were "public funds" within the meaning of the statute.

Walter Anderson was convicted of two misdemeanors involving

---

[1] "§ 18.1-110. Embezzlement by officers, etc., of public funds; default in paying over funds evidence of guilt.—If any officer, agent or employee of the State or of any city, town or county or the deputy of any such officer having custody of public funds knowingly misuse or misappropriate the same or knowingly dispose thereof otherwise than in accordance with law, he shall be confined in the penitentiary not less than one nor more than twenty years; and any default of such officer, agent, employee or deputy in paying over any such funds to the proper authorities when required by law to do so shall be deemed prima facie evidence of his guilt."

a breach of the peace in the County Court of James City County on November 25, 1969. In addition to imposing a fine and suspended jail sentence, the county judge required Anderson to give a peace bond under Code § 19.1-20 in the amount of three hundred dollars. The condition of this bond was that Anderson "obey the laws of the Commonwealth or any political subdivision thereof for a period of one year." If Anderson violated this condition, the bond would be forfeited to the Commonwealth.

Anderson, in lieu of surety on his bond, deposited three hundred dollars in cash with the defendant, who was a deputy clerk of the county court. The defendant did not give Anderson a receipt for this deposit but "took" the money for her own personal use.

In 1970, after the one year had expired, Anderson returned to the clerk's office to claim his surety deposit. When no record of the money could be found, the defendant told the clerk that she "had taken the $300.00." Subsequently she made restitution to the clerk and Anderson was reimbursed.

The defendant argues here, as she did in the trial court, that the funds which she misappropriated were not public funds, relying on *Beckner* v. *Commonwealth*, 174 Va. 454, 5 S.E.2d 525 (1939). We do not agree.

*Beckner* is distinguishable on its facts. It involved private funds and not "public money." We did define public funds to be "those moneys belonging to the State or any city, county or political subdivision of the State, — or more specifically, taxes, customs and moneys raised by the operation of law for the support of the government or for the discharge of its obligation." *Id.* at 459, 5 S.E.2d at 527.

However, the language of the definition in *Beckner* following the words "or more specifically" is descriptive only and not exclusive. While it may be argued that cash posted as a peace bond is not technically a tax or custom or does not constitute money raised for the purposes set forth in the definition, a peace bond is in the nature of a conditional fine. *Fedele* v. *Commonwealth*, 205 Va. 551, 138 S.E.2d 256 (1964). As such, and until the condition is satisfied and the payor becomes entitled to reimbursement, the cash is "moneys belonging to the State" within the meaning of the opening language of the definition in *Beckner*. And its embezzlement by a public officer is a violation of Code § 18.1-110. So we affirm the conviction.

*Affirmed.*